DANIEL G. BOGDEN
United States Attorney
PATRICK BURNS
Assistant United States Attorney
Nevada State Bar #: 11779
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
PHONE: (702) 388-6336 / FAX: (702) 388-6418
John.P.Burns@usdoj.gov

Attorney for the United States of America

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LUCAS COELHO PAIVA REGO,<br>  a/k/a "Bruno Rodrigues," a/k/a<br>  "Lucas Rego," et al.,<br><br>Defendants. | Case No.: 2:17-cr-00001-KJD-CWH<br><br>[UNDER SEAL]<br><br>GOVERNMENT'S EMERGENCY EX PARTE MOTION TO UNSEAL ENTIRE INDICTMENT |

COMES NOW the United State of America, by and through DANIEL G. BOGDEN, United States Attorney, and PATRICK BURNS, Assistant United States Attorney, and hereby respectfully submits this Emergency Ex Parte Motion to Unseal Entire Indictment.

**I.    Factual and Procedural Background**

On January 3, 2017, the Special Grand Jury returned an indictment charging the twenty-one named defendants with: Conspiracy to Commit Fraud and Related Activity in Connection with Access Devices (18 U.S.C. § 1029(b)(2)); Producing, Using, or

1

Trafficking in a Counterfeit Access Device (18 U.S.C. § 1029(a)(1)); Using or Trafficking in an Unauthorized Access Device (18 U.S.C. § 1029(a)(2)); Possession of Fifteen or More Counterfeit or Unauthorized Access Devices (18 U.S.C. § 1029(a)(3)); Possession of Access Device-Making Equipment (18 U.S.C. § 1029(a)(4)); Aggravated Identity Theft (18 U.S.C. § 1028A); Possession of Counterfeit Visa, Permit, or Other Document (18 U.S.C. § 1546(a)); Conspiracy to Commit Money Laundering (18 U.S.C. § 1956(h)); and Money Laundering (18 U.S.C. § 1956(a)(1)). Defendants Lucas Coelho Paiva Rego (Rego), Leonardo Augusto Oliveira Santos (Oliveira Santos), and Henrique Ortolani De Souza Vila Real (Real) appeared on the indictment on January 20, 2017, at which time the indictment was partially unsealed in redacted fashion. Defendants Anderson Clayton Mariano Alcantara (Alcantara), Amysterdan Barbosa Da Silva (Da Silva), Davi Dias Fernandes (Fernandes), and Lorenzo Ramon Sala Moura (Moura) were subsequently variously arraigned in the Central District of California and the Southern District of Florida. They were arraigned using a redacted version of the sealed indictment, which was unsealed as to the allegations relevant to them. The Government now seeks to have the Court order the indictment unsealed in its entirety.

## POINTS AND AUTHORITIES

### II.   Argument

**A. Legal Standard for Magistrate Judge's Discretion to Unseal Grand Jury Indictment**

Federal Rule of Criminal Procedure 6(e)(4) grants a magistrate judge the power to seal an indictment:

> The federal magistrate to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody

or has been released pending trial. The clerk must then seal the indictment, and no person may disclose the indictment's existence except as necessary to issue or execute a warrant or summons.
Fed.R.Crim.P. 6(e)(4).

The "'obvious purpose'" of the Rule "'is to prevent the requirement of an indictment from serving as a public notice that would enable the defendant to avoid arrest.'" *United States v. Davis*, 598 F.Supp. 453, 455 (S.D.N.Y. 1984) (quoting *United States v. Muse*, 633 F.2d 1041, 1043 (2d Cir.1980)). The Second Circuit has held that "there are various legitimate prosecutorial objectives, including, but not limited to, the facilitation of arrest, that will justify the sealing of an indictment." *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987). The Sixth Circuit has held that "the need to avoid compromising an ongoing investigation" may justify the sealing of an indictment. *United States v. Wright*, 343 F.3d 849 (6th Cir. 2003). Even where an indictment is properly sealed, the Government must unseal the indictment "as soon as its legitimate need for delay has been satisfied." *United States v. Watson*, 599 F.2d 1149, 1154 (2d Cir. 1979).

### B. The Government Certifies that the Need for Delay in Unsealing the Indictment Has Been Satisfied and the Indictment Should Be Immediately Unsealed in its Entirety

At this point in the government's prosecution, unsealing of the indictment in its entire, unredacted form would not compromise ongoing efforts to arrest outstanding defendants or the ongoing investigation. Because the legitimate need for delay in unsealing the indictment has now been satisfied, the indictment should be unsealed in its entirety. *Watson, supra.*

### III. Conclusion

WHEREFORE, after consideration of the included facts, points, authorities,

exhibits, and arguments, the United States respectfully requests that this Court GRANT this motion and immediately order the indictment unsealed in its entirety.

DATED this 31st. January, 2017.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

*/s/ Khleefah/ for*

PATRICK BURNS
Assistant United States Attorney

IT IS ORDERED that the government's motion to unseal the entire indictment is GRANTED. To the extent the government seeks to unseal the entire case, it may request to do so in a separate motion.

DATED: February 1, 2017

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE