# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

      Plaintiff

v.

Lucas Coelho Paiva Rego,

      Defendant

Case No.: 2:17-cr-00001-JAD-DJA-1

**Order Denying Motion for
Release to Home Confinement**

[ECF No. 697]

Defendant Lucas Coelho Paiva Rego asks this court to allow him to serve the remainder of his 54-month sentence in home confinement in Brazil because releasing him from prison will give him a better chance to avoid the Coronavirus.[1]  I deny the motion because Rego has not shown that release to home confinement is available or warranted.

## Background

In 2018, Rego pled guilty without a written plea agreement to Use or Trafficking in Unauthorized Access Devices and Aggravated Identity Theft.[2]  In his plea agreement and at his plea hearing, Rego admitted that he was part of a sophisticated, multi-million-dollar, credit-card and ATM-card fraud ring from Brazil that lasted over a year.  He was sentenced to 54 months in custody followed by 3 years of supervision.[3]  He did not appeal.  He is currently serving his sentence at the D. Ray James Correctional Institution and the Bureau of Prisons (BOP) website reflects a November 2020 release date for Rego.[4]

---

[1] ECF No. 697 (motion).

[2] ECF No. 276 (plea agreement).

[3] ECF No. 640 (amended judgment).

[4] https://www.bop.gov/mobile/find_inmate/index.jsp#inmate_results (last visited July 10, 2020).

In a pro se motion, Rego asks this court to release him to home confinement in Brazil for the remainder of his sentence.[5]  The government opposes that motion, noting that the authority to designate an inmate to home release rests exclusively with the BOP, not the court; even if this court could grant home confinement, it couldn't send Rego to Brazil for it; and to the extent that Rego is seeking compassionate release, he has not demonstrated that such relief is available or warranted.[6]

### Discussion

A sentencing court's ability to modify or reduce a sentence once imposed is seriously limited.[7]  The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018,[8] is an exception to this limitation.  It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has failed to get the BOP to bring such a motion on his behalf.[9]  The court may entertain an inmate's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) only (1) "after [he] has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on his behalf or (2) after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[10]  This exhaustion requirement is mandatory, and an inmate's failure to satisfy it is "a glaring roadblock foreclosing compassionate

---

[5] ECF No. 697.  The Federal Public Defender's Office declined to supplement Rego's pro se motion.  *See* ECF No. 699.

[6] ECF No. 701.

[7] *See United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003) (exploring Federal Rules of Criminal Procedure 35 and 36); 18 U.S.C. § 3582(c).

[8] The First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018).

[9] 18 U.S.C. § 3582(c)(1)(A)(i).

[10] *Id.*

release . . . ."[11]  Because Rego has not demonstrated that he exhausted his administrative rights before filing this motion, it must be denied for failure to exhaust.

Even if Rego had properly exhausted the administrative process before filing this motion, however, I would deny it for the separate and independent reason that the record does not demonstrate that his compassionate release is warranted.  Rego's reasons for wanting release are neither extraordinary nor compelling.  Although the COVID-19 pandemic is undeniably grave and its impacts on every aspect of American life are unprecedented, Rego does not argue that it has reached the inmate population at his facility, and the BOP has implemented a detailed COVID-19 response plan for federal inmates.[12]  Rego does not claim that he has a physical or medical condition that renders him particularly susceptible to the virus or its effects, and his presentence report reflects that he is a 28-year-old young man "in good physical health."[13]  Indeed, his stated reason for desiring home confinement is that he would prefer to be with his daughter and parents in Brazil.  Simply put, the concerns that Rego has identified fall far short of the extraordinary or compelling ones needed to justify compassionate release.[14]

---

[11] *U.S. v. Raia*, 954 F.3d 594 (3d Cir., 2020) (holding that failure to comply with § 3582(c)(1)(A)'s exhaustion requirement bars relief).  *See also* my extensive analysis of the exhaustion issue in *United States v. Johnson*, No. 2:12-cr-00336-JAD-CWH, 2020 WL 2430936, at *2 (D. Nev. May 12, 2020), incorporated herein as set forth in full.

[12] https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 10, 2020).

[13] PSR at ¶ 69.

[14] To the extent that Rego is asking this court to move him to home confinement for reasons other than compassionate release, this court lacks the power to do so.  Decisions about where an inmate in BOP custody serves his sentence are vested exclusively in the BOP.  *See* 18 U.S.C. §§ 3621(b), 3624.  Even if this court were to effectuate the spirit of Rego's request by granting him early release and modifying the terms of his supervised release by adding a home-confinement condition, that home confinement wouldn't be in Brazil because the U.S. Probation Office wouldn't have jurisdiction to supervise Rego in Brazil.

3

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Lucas Coelho Paiva Rego's Motion for Compassionate Release **[ECF No. 697] is DENIED.**

Dated: July 10, 2020

_____

U.S. District Judge Jennifer A. Dorsey