# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:17-cr-00001-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Motion for Return of Property and Ordering the Filing of a Notice of Compliance** |
| Lucas Coelho Paiva Rego, | |
| Defendant | [ECF No. 707] |

Lucas Coelho Paiva Rego, despite being represented by counsel, personally submitted a letter to this court seeking the return of his shoes, wallet, phones, and laptop.[1] Under Federal Rule of Criminal Procedure 41(g), a criminal defendant may move for the return of his property and "is presumed to have the right to return of his property once it is no longer needed as evidence."[2] But as the government points out,[3] Local Rule IA 11-6(a) prohibits a party represented by counsel from personally filing a document with the court.[4]

Because Rego's letter violates Local Rule IA 11-6(a), I deny it without prejudice. But because the government has stated it is "willing to work with Mr. Rego's attorney to ensure the return of any property" that is not subject to forfeiture, I order Rego's defense counsel to meet and confer with government counsel about this request and file a notice of compliance by October 16, 2020, providing a status update regarding the return of Mr. Rego's non-forfeited belongings.

---

[1] ECF No. 707 (motion).

[2] *U.S. v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993).

[3] ECF No. 708 (response).

[4] L.R. IA11-6(a).

IT IS THEREFORE ORDERED that Rego's motion for return of property **[ECF No. 707] is DENIED.** But Rego's counsel and the government must meet and confer to arrange for the return of non-evidentiary, non-contraband items seized from Rego, and **defense counsel must file a notice of compliance with this order by October 16, 2020.**

_____
U.S. District Judge Jennifer A. Dorsey
October 1, 2020